Filed 1/29/21  P. v. Stewart CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| THE PEOPLE, | C090043 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR52974) |
| v. | |
| DARRYL LEROY STEWART, JR., | |
| Defendant and Appellant. | |

In 2001, defendant Darryl Leroy Stewart, Jr., pled no contest to second degree murder.  In 2018, he filed a petition seeking resentencing under Penal Code section 1170.95,[1] which was enacted as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 4; Senate Bill No. 1437) and took effect January 1, 2019.  The trial court denied defendant's petition on the basis that Senate Bill No. 1437

---

[1] Undesignated statutory references are to the Penal Code.

1

unconstitutionally amends two initiative measures:  Proposition 7 (Prop. 7, as approved by voters, Gen. Elec. (Nov. 7, 1978)) and Proposition 115 (Prop. 115, as approved by voters, Primary Elec. (June 5, 1990)).  On appeal, defendant argues the trial court erred in declining to reach the merits of his petition and determining that Senate Bill No. 1437 is unconstitutional.[2]

Consistent with our recent decisions, and the unanimous conclusion of other appellate courts that have addressed the issue, we conclude Senate Bill No. 1437 is not an invalid amendment of either Proposition 7 or Proposition 115.  We see no reason to revisit the reasoning of these decisions.  Accordingly, we reverse the trial court's order.

## I.  BACKGROUND

In 2001, defendant pled no contest to second degree murder.[3]  We dismissed defendant's appeal for a lack of certificate of probable cause.  (*People v. Stewart* (Feb. 18, 2003, C038731) [nonpub. opn.].)

In 2018, defendant filed a form petition for resentencing under section 1170.95.  Defendant checked boxes indicating:  (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) he pled guilty or no contest to first or second degree murder under the felony murder rule or natural and probable consequences doctrine; and (3) he could not now be convicted of first or second degree murder because of the recent changes to sections 188 and 189.

The District Attorney opposed the petition.  The trial court directed the parties to file briefs regarding the statute's constitutionality.  The District Attorney argued Senate

---

[2]  The Attorney General stipulated to the Tehama County District Attorney's substitution as sole counsel for Plaintiff and Respondent.

[3]  The substantive facts underlying defendant's conviction are not relevant to the issues raised on appeal, and are therefore, not recounted here.

Bill No. 1437 unconstitutionally amended Proposition 7 and Proposition 115 and violated the separation of powers doctrine and the Victims' Bill of Rights Act of 2008, also known as Marsy's Law (Prop. 9, as approved by voters, Gen. Elec. (Nov. 4, 2008)).[4] Defendant, through appointed counsel, filed a response. The trial court heard argument and concluded Senate Bill No. 1437 was unconstitutional, in that it improperly amended Propositions 7 and 115, and "perhaps also . . . Marsy's law." Accordingly, without reaching the merits, the trial court denied the petition.

## II. DISCUSSION

We addressed the same issue in *People v. Superior Court (Ferraro)* (2020) 51 Cal.App.5th 896 and *People v. Lombardo* (2020) 54 Cal.App.5th 553 and concluded Senate Bill No. 1437 is not an invalid amendment of either Proposition 7 or Proposition 115. We see no reason to revisit our conclusion, which is also the unanimous conclusion of the appellate courts in other districts that have addressed the issue. (See, e.g., *People v. Bucio* (2020) 48 Cal.App.5th 300; *People v. Cruz* (2020) 46 Cal.App.5th 740; *People v. Solis* (2020) 46 Cal.App.5th 762; *People v. Lamoureux* (2019) 42 Cal.App.5th 241; *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270.)

Consistent with these decisions, and for the reasons expressed therein, we will reverse the trial court's order and remand the case for further proceedings.

---

[4] On appeal, the District Attorney briefs only arguments as to Propositions 7 and 115.

## III.  DISPOSITION

The trial court's order denying defendant's Penal Code section 1170.95 petition is reversed.  The matter is remanded for further proceedings on the merits of the petition.

/S/

_____

RENNER, J.

We concur:

/S/

_____

BLEASE, Acting P. J.

/S/

_____

KRAUSE, J.

4